**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
RAYMOND MILLER,

               Plaintiff,

               -against-

ANGEL LAVERGNE, *et al.*,

               Defendants.

-------------------------------------------------------------x

19-CV-6371 (OTW)

**OPINION & ORDER**

**ONA T. WANG**, **United States Magistrate Judge**:

**I.**       **Introduction**

On December 3, 2019, the parties reached a proposed settlement in this Fair Labor Standards Act action. However, no settlement agreement has been filed as ordered by the Court, both Plaintiff's and Defendants' counsel seek to withdraw from the action, and Plaintiff has stopped communicating with his counsel. Because Plaintiff has failed to prosecute his case, the Court hereby dismisses his claims under Rule 41(b) of the Federal Rules of Civil Procedure.

**II.**      **Facts & Procedural History**

On July 10, 2019, Plaintiff Raymond Miller filed a complaint against Defendants 1987-89 Amsterdam Avenue Housing Development Fund Corporation, Imani Management Inc., and Angel Lavergne,[1] asserting wage claims under the Fair Labor Standards Act ("FLSA"), as well as the New York Labor Law ("NYLL") and supporting regulations. (ECF 1). On December 3, 2019, the parties participated in court-ordered mediation and reached a proposed settlement. (ECF

---

[1] To date, only Defendants Imani Management Inc. and Angel Lavergne have appeared in this action. (ECF 7). However, for simplicity, the Court refers to the appearing defendants, Imani Management Inc. and Angel Lavergne, as "Defendants" and, together with Plaintiff, the "parties."

10, 15). Thereafter, on January 23, 2020, the Court ordered the parties to submit their settlement agreement for approval pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) by February 7, 2020 ("*Cheeks* Order"). (ECF 16).

Instead, on February 7, 2020, Plaintiff's counsel requested a pre-motion conference to obtain leave to withdraw as counsel and informed the Court that Plaintiff failed to meet with counsel to sign the settlement agreement as planned.[2] Plaintiff's counsel further reported that during his "last communication with [Plaintiff,] he was rude, abusive and threatening and instructed [counsel] not to call him again." (ECF 17). However, during an attorneys-only Court conference on March 17, 2020, counsel on both sides indicated they would soon execute an agreed-upon settlement agreement. (ECF 19, 21, 24).

The Court did not hear from the parties again until December 15, 2020, when Defendants' counsel requested a pre-motion conference to obtain leave to withdraw as counsel because Defendants, who have purportedly "incurred extreme financial hardship" due to the COVID-19 pandemic, failed to pay owed legal fees and indicated an inability to pay future legal fees. (ECF 22 at 2).[3] Shortly thereafter, on December 18, 2020, Plaintiff's counsel joined Defendants' request for a pre-motion conference, indicating it again sought to withdraw because Plaintiff had "stopped communicating with [counsel] some time ago and [counsel has] been unable to reach [Plaintiff]." (ECF 23). Finally, on December 23, 2020, the Court issued an order directing Plaintiff to show cause, by January 7, 2021, why the case should not be

---

[2] Plaintiff's counsel certified that it served the request on Plaintiff on March 2, 2020. (ECF 20).
[3] Neither Plaintiff's counsel nor Defendants' counsel intend to assert a lien against their clients. (ECF 22, 23).

2

dismissed for failure to prosecute ("Order to Show Cause"). (ECF 24).[4] To date, the Court has not received any response from Plaintiff.

### III. Analysis

Pursuant to Federal Rule of Civil Procedure 41(b), a court may dismiss an action for failure to prosecute or to comply with a court order. *See* Fed. R. Civ. P. 41(b). Dismissal under Rule 41(b) is "an adjudication on the merits" unless otherwise specified. *Id*. A district court has the power to dismiss for failure to prosecute *sua sponte*. *LeSane v. Hall's Sec. Analyst, Inc.,* 239 F.3d 206, 209 (2d Cir. 2001). The Second Circuit has explained that "dismissal for lack of prosecution is a 'harsh remedy' that should 'be utilized only in extreme situations.'" *Lewis v. Rawson*, 564 F.3d 569, 575-76 (2d Cir. 2009) (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993)). Nevertheless, "the authority to invoke it for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Feurtado v. City of New York*, 225 F.R.D. 474, 477 (S.D.N.Y. 2004) (quoting *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982)).

In deciding whether to dismiss a case for failure to prosecute, district courts must consider five factors: (1) the duration of the plaintiff's failures, (2) whether plaintiff was on notice that these failures would result in dismissal, (3) whether defendants are likely to be prejudiced by further delays, (4) a balancing of the court's interest in managing its docket with the plaintiff's right to be heard, and (5) the efficacy of less drastic sanctions. *E.g. Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 193–94 (2d Cir. 1999). None of the five factors is dispositive. *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).

---

[4] Plaintiff's counsel certified that it served the Order to Show Cause on Plaintiff on December 22, 2020. (ECF 25).

dismissed for failure to prosecute ("Order to Show Cause"). (ECF 24).[4] To date, the Court has not received any response from Plaintiff.

### III. Analysis

Pursuant to Federal Rule of Civil Procedure 41(b), a court may dismiss an action for failure to prosecute or to comply with a court order. *See* Fed. R. Civ. P. 41(b). Dismissal under Rule 41(b) is "an adjudication on the merits" unless otherwise specified. *Id*. A district court has the power to dismiss for failure to prosecute *sua sponte*. *LeSane v. Hall's Sec. Analyst, Inc.,* 239 F.3d 206, 209 (2d Cir. 2001). The Second Circuit has explained that "dismissal for lack of prosecution is a 'harsh remedy' that should 'be utilized only in extreme situations.'" *Lewis v. Rawson*, 564 F.3d 569, 575-76 (2d Cir. 2009) (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993)). Nevertheless, "the authority to invoke it for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Feurtado v. City of New York*, 225 F.R.D. 474, 477 (S.D.N.Y. 2004) (quoting *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982)).

In deciding whether to dismiss a case for failure to prosecute, district courts must consider five factors: (1) the duration of the plaintiff's failures, (2) whether plaintiff was on notice that these failures would result in dismissal, (3) whether defendants are likely to be prejudiced by further delays, (4) a balancing of the court's interest in managing its docket with the plaintiff's right to be heard, and (5) the efficacy of less drastic sanctions. *E.g. Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 193–94 (2d Cir. 1999). None of the five factors is dispositive. *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).

---

[4] Plaintiff's counsel certified that it served the Order to Show Cause on Plaintiff on December 22, 2020. (ECF 25).

Considering the five factors, I find that dismissal is appropriate. First, over fourteen months have passed since the Court's *Cheeks* Order; Plaintiff has failed to comply or otherwise prosecute his case since that date. (ECF 16, 24). Second, Plaintiff was warned in the Order to Show Cause that his case would be dismissed if he did not show cause for his failures by January 7, 2021. (ECF 24).

With respect to the third factor, the Court finds that Defendants—who appear to have been hard-hit by the COVID-19 pandemic and cannot afford to pay legal fees—have been, and will continue to be, prejudiced by Plaintiff's unreasonable and unexplained fifteen-month delay. *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982) ("Prejudice to defendants resulting from unreasonable delay may be presumed . . . ."); *Rodriguez v. Cavala Café Corp.*, No. 14-cv-8907 (AJN), 2016 WL 4467557, at *2 (S.D.N.Y. Aug. 22, 2016) ("One significant purpose of a settlement agreement is to resolve a case quickly to avoid further proceedings and associated expenses. By failing to respond to the Court's . . . orders, Plaintiff has failed to ensure the approval of the [FLSA] settlement and thereby has prevented Defendants from obtaining this benefit of settlement.").

As to the fourth factor, the Court's interest in managing its docket outweighs Plaintiff's interest in being heard in this case. This case has been sitting on the Court's docket for close to two years, and Plaintiff's failure to comply with the Court's *Cheeks* Order has required the Court to hold a conference and issue subsequent orders. (ECF 19, 21, 24). Meanwhile, Plaintiff has relinquished his opportunity to be heard in this matter: he has not complied with the Court's orders, has failed to communicate with his counsel or the Court, and has taken no other steps to effectuate the settlement, prosecute his case, or otherwise be heard by the Court. *Davison v.*

*Grillo*, No. 05-cv-4960 (NG) (LB), 2006 WL 2228999, at *2 (E.D.N.Y. Aug. 3, 2006) ("It is not an efficient use of the Court's . . . resources to permit this case to languish on the docket in the hope that plaintiff will reappear in the future.").

Regarding the fifth factor, I have considered lesser sanctions but "there is nothing in the record to suggest that a sanction less serious than dismissal will resolve the plaintiff's failure to cooperate." *Singleton v. City of New York*, No. 14-cv-9355 (DLC), 2015 WL 9581781, at *2 (S.D.N.Y. Dec. 30, 2015). Further warnings or orders are likely to be futile and would not alleviate the docket management concerns or prejudice to Defendants caused by Plaintiff's behavior. Still, "under the circumstances described above, the lesser sanction of dismissal without prejudice (rather than with prejudice) is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendant[s] by retaining open lawsuits with no activity." *Barker v. City of New York*, No. 19-cv-2582 (JGK), 2020 WL 589048, at *2 (S.D.N.Y. Feb. 5, 2020) (quoting *Amoroso v. Cnty. of Suffolk*, No. 08-cv-0826 (JFB) (ETB), 2010 WL 2985864, at *3 (E.D.N.Y. July 21, 2010)).[5]

Finally, the Court notes that courts in this circuit have dismissed cases for failure to prosecute under similar circumstances. *See, e.g.*, *Rodriguez*, 2016 WL 4467557 (dismissing FLSA case where parties failed to submit their settlement agreement or otherwise communicate with the court eleven months after the court ordered a *Cheeks* submission); *Gugliara v. Jones*, No.

---

[5] The Court recognizes that the statute of limitations for filing another FLSA action *may* have already passed. *See Bonaparte v. Tri-State Biodiesel*, LLC, No. 17-cv-2353 (RJS), 2018 WL 4538895, at *2 (S.D.N.Y. Sept. 20, 2018) ("[T]he statute of limitations for violations of the FLSA is ordinarily two years, unless the violation was committed willfully, in which case the statute of limitations is extended to three years."). Alternatively, "NYLL claims have a six-year statute of limitations with no showing of willfulness required." *Shu Qin Xu v. Wai Mei Ho*, 111 F. Supp. 3d 274, 278 (E.D.N.Y. 2015). Accordingly, even if dismissal precludes Plaintiff from pursuing his FLSA claims in this Court, he may still be able to maintain a NYLL action in state court.

08-cv-909 (NGG) (LB), 2010 WL 3257765 (E.D.N.Y. July 12, 2010), *report and recommendation adopted*, 2010 WL 3257739 (E.D.N.Y. Aug. 16, 2010) (dismissing case where plaintiff failed to execute settlement agreement or respond to follow-up court orders); *Shim Cho v. Tomczyk*, No. 05-cv-5570 (JFB) (JMA), 2007 WL 3254294 (E.D.N.Y. Nov. 2, 2007) (same).

### IV.     Conclusion

For the reasons provided above, Plaintiff's case is **dismissed without prejudice** for failure to prosecute. Accordingly, counsels' request for a pre-motion conference (ECF 22, 23) is **DENIED** as moot. The Clerk of the Court is instructed to **close the case**.

**SO ORDERED.**

_s/ Ona T. Wang_

Dated: April 12, 2021          **Ona T. Wang**
New York, New York          United States Magistrate Judge